UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSELYN HENSLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GRUPE COMMERCIAL COMPANY, OAKRIDGE CENTER, TICH LUU NGUYEN dba TOMMY'S CAFÉ, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | No.  2:14-cv-02273-GEB-AC<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE** |

　　　　The September 30, 2014 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on January 26, 2015, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The September 30, 2014 Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

　　　　Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than January 30, 2015, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or her counsel is at fault,

1

and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on March 9, 2015, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve Defendants Grupe Commercial Company and Oakridge Center within the 120 day period prescribed in that Rule may result in the unserved defendant(s) being dismissed. To avoid dismissal, on or before January 30, 2015, Plaintiff shall file proof of service for these defendants or a sufficient explanation why service was not completed within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated: January 22, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).